GEORGE McMILLAN, CURTIS HULL, GIBSON KEITH, AND CHRIS. KOCHLER, PLAINTIFFS IN ERROR, v. WILLIAM S. ROWE, DEFENDANT IN ERROR.

1. **Execution:** LEVY BY ONE NOT AN OFFICER.  When a private person, without authority or appointment from any source, assumes to act as a constable, and seizes the chattels of another, he becomes a trespasser; and it is no defense to him that he then

and there had in his possession an execution against such person issued by a justice of the peace.

2. ————: ————. A sale by such unauthorized person of such chattels as upon execution conveys no title.

3. ————: ————: LIABILITY OF JUDGMENT CREDITOR. The plaintiff in such execution cannot be held responsible for the acts of such person in seizing or converting such chattels, unless he requested or authorized such seizure in fact, or in some way ratified the same.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Batty & Ragan,* for plaintiffs in error, cited: Freeman on Executions, § 273. Addison on Torts, § 937. 4 Blackstone, 291. *Betts v. Stevens,* 6 Wis., 398.

*O. B. Hewett,* for defendant in error.

COBB, CH. J.

This was an action of trespass *de bonis asportatis* by William S. Rowe, plaintiff, against George McMillan, Curtis Hull, Gibson Keith, and Chris. Kochler, defendants.

It seems that Rowe, the plaintiff, was the owner of a quantity of barley; that McMillan and Hull had a judgment against said Rowe rendered by one Vandervoort, a justice of the peace; that the defendant, Gibson Keith, assuming to act as a constable, with the execution issued by said justice Vandervoort upon the said judgment in his hands, seized and took as upon execution the said barley of the defendant, advertised and sold it as upon said execution, and that the same was bought, taken, and converted to his own use by the defendant Chris Kochler. This was the cause of action stated in the petition. And substantially the same facts are set up in the several answers of the defendants, with the exception, that in the answer of the said Gibson Keith, he alleges that "at the request of

the said McMillan and Hull, and being satisfied that it was expedient so to do, the said justice did specially depute this defendant, then and there, being a discreet person of suitable age, and not interested in the said action of Mc-Millan and Hull v. William S. Rowe, to serve said execution. Such deputation being then and there in writing on said execution; and said defendant accepted said appointment, and in virtue of said execution and in accordance with the command thereof, did levy upon and seize the following described goods and chattels, to-wit: One hundred and fifty-eight bushels and twenty-six pounds of barley," etc. Upon the trial to a jury, a verdict was found for the plaintiff and against all the defendants for the sum of one hundred eighteen dollars and ninety-eight cents ($118.-98). The plaintiff before judgment remitted the sum of twenty-eight dollars and ninety-eight cents ($28.98) of the sum so found, and a motion for a new trial was made and overruled, and judgment entered on the said verdict for the sum of ninety dollars ($90). The case is brought to this court by petition in error.

The only points made by plaintiffs in error in their brief are: *First,* The judgment creditors, McMillan and Hull, are not responsible for anything done by Keith, even if he was a trespasser, as he acted without their request or knowledge. A thorough examination of the bill of exceptions fails to show that these defendants, McMillan and Hull, or either of them, or any attorney claiming to act for them, had anything whatever to do with the issuing of the execution, its service, or return, nor is there any evidence that they received the money made thereon. Had there been such evidence, as one member of the court, I should be of the opinion that such receipts would render them responsible for the acts of Keith in taking the barley upon this execution; but there being no such evidence, the verdict as to them is not sustained. The other point is, that the statute directing how a justice of the peace may appoint

a special constable is not the exclusive mode; the power existed at common law, and the issuing and delivery of the execution were sufficient. We cannot agree to this proposition. The authorities cited fail to sustain it. I do not think that there exists at common law any authority in a justice of the peace to appoint a constable to serve civil process. That such authority existed to appoint special constables to serve criminal process in certain cases is admitted. In this case there is no evidence of the appointment of Keith as constable to serve the execution either verbally or in writing; indeed, it would seem very clear from the testimony of Vandervoort, the justice who issued the execution, that he understood Keith to be a constable, and that no appointment was desired or necessary. The provision of the statute of this state on the subject of deputizing persons by justice of the peace to serve process is as follows:

"A justice, at the request of a party, and on being satisfied that it is expedient, may specially depute any discreet person of suitable age and not interested in the action to serve a summons or execution with or without an order to arrest the defendant or to attach property; such deputation must be in writing on the process." Code, § 1094.

This statute is, in my opinion, exclusive of any other method of appointing persons to act as special constables in the service of civil process. Its provisions not having been followed, it is no protection to either Keith or Kochler—to the one in seizing and selling the barley in question, or to the other in buying it at the sale. The judgment of the district court as to the defendants McMillan and Hull is reversed, but without costs; and as to the defendants Keith and Kochler, the said judgment is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.